Adolph BATTLE *v.* Charles DANIELS et al

76-158                                                  543 S.W. 2d 477

Opinion delivered November 22, 1976

*Walker, Kaplan & Mays, P.A.,* by: *Henry L. Jones, Jr.,* for appellant.

*Herrn Northcutt* and *Thelma Lorenzo,* for appellees.

CONLEY BYRD, Justice. The issue on this appeal is whether the Appeals Tribunal and the Board of Review correctly dismissed the appeal of appellant Adolph Battle because it was not filed within the time prescribed by Ark. Stat. Ann. § 81-1107-d-2 (Supp. 1975).

The record shows that on May 13, 1975, the Director of the Department of Labor mailed a notice to appellant showing that his claim for unemployment had been denied. Appellant did not receive the notice of denial of the claim until June 11, 1975. On June 12, 1975, he filed his notice of appeal. In ruling that the appeal was filed too late the Appeal Tribunal Referee quoted from Ark. Stat. Ann. § 81-1107-d-2 (Repl. 1960), as it existed prior to Acts 1975, No. 609 which became effective on March 28, 1975. The law as it existed

before March 28, 1975 provided:

"... The claimant, the Commissioner, or any other party entitled to notice, may file an appeal from a determination made by the agency with an appeal tribunal or with any office of the Arkansas State Employment Service within 15 days after the date of mailing of the notice to his last known address, or if such notice is not mailed, within 15 days after the date of delivery of such notice. . . ."

After March 28, 1975, the time for taking an appeal is as follows:

"... The claimant, the Director of Labor, or any other party entitled to notice, may file an appeal from a determination made by the Agency with an appeal tribunal or with any office of the Employment Security Division within fifteen (15) days after the date of mailing of the notice to his last known address, or if such notice is not mailed, within fifteen (15) days after the date of delivery of such notice. If mailed, an appeal shall be considered to have been filed as of the date of the postmark on the envelope. Provided, that if it is determined by an Appeals Tribunal or the Board of Review that the appeal is not perfected within the fifteen (15) day period as a result of circumstances beyond the appellant's control, such appeal may be considered as having been filed timely."

The circuit court presumed from the record that the Board of Review and the Appeals Tribunal had taken into consideration the 1975 amendment to Ark. Stat. Ann. § 81-1107-d-2, but in view of the fact that the old law referred to "...the Commissioner," and the 1975 amendment refers to "...the Director of Labor," we have concluded that since the law recited by the administrative tribunals used the term "the Commissioner" the circuit court erred in assuming that the Appeals Tribunal and the Board of Review had made a determination pursuant to the 1975 amendment.

Without discussing or passing upon the other points raised, we are reversing and remanding the matter to the cir-

cuit court with directions to remand to the appropriate administrative tribunal for a reconsideration of the jurisdictional dispute pursuant to the 1975 amendment and for such further proceedings as may become necessary.

Reversed and remanded.

We agree: HARRIS, C.J. and HOLT and ROY, JJ.